**UNITED STATES of America,**
**Appellee,**

v.

**David MARTINEZ, Defendant–**
**Appellant.**

**No. 06–5502–cr.**

United States Court of Appeals,
Second Circuit.

May 9, 2008.

Donna Newman, Law Office of Donna Newman, Esq., New York, NY, for Defendant–Appellant.

Parvin Daphne Moyne, Assistant United States Attorney (Cathy Seibel, Deputy United States Attorney, on the brief), for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges, and Hon. MARK R. KRAVITZ, District Judge.*

**SUMMARY ORDER**

Martinez appeals from the November 13, 2006 order of the district court declining, after this Court's remand pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), to resentence him. We assume the parties' familiarity with the facts and proceedings in the district court.

We review sentencing decisions for reasonableness, asking "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006) (alterations, internal quotation marks, and citation omitted). Martinez argues, *inter alia,* that the district court unreasonably failed or refused to consider Martinez's 17–day incarceration in a state facility in determining his sentence.

We find no error in Martinez's sentence. The district court's order declining to resentence Martinez explicitly articulated its reasoning with respect to the factors set forth in 18 U.S.C. § 3553(a). The court specifically noted Martinez's "violent criminal history," and the "obvious need to protect the public from [Martinez's] further violent crimes." In light of these considerations, and after considering "the sentencing range under the Guidelines and the policy statements," the district court determined that a 115–month sentence, the longest term suggested by the Guidelines, was appropriate. Although the district court did not explicitly address Martinez's request that it consider the 17 days he spent in state custody on charges related to his firearms offense, in light of its demonstrated consideration of the relevant factors and policy statements, this omission provides no basis upon which to disturb the district court's judgment. *See Fernandez,* 443 F.3d at 33 (noting that the district court's failure to address explicitly a defendant's sentencing argument is not sufficient to overcome this Court's presumption that the district court "faithfully performed its obligation to consider the § 3553(a) factors").

We dispose of Martinez's remaining claims, which challenge the district court's application of a preponderance of the evidence standard to certain facts relevant to sentencing, in an accompanying opinion.

* Appeal withdrawn by motion order filed on March 3, 2006.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.